IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOVONNA CORBITT,<br><br>               Plaintiff,<br><br>v.<br><br>PROGRESSIVE ADVANCED INSURANCE COMPANY,<br>JANE KENNEDY, and<br>BRIAN HAEFLEIN<br><br>               Defendants. | CIVIL ACTION<br>NO. 24-25 |

**OPINION**

**Slomsky, J.**                                                                                                                                          **August 5, 2024**

I.      **INTRODUCTION**

On December 4, 2023, Plaintiff Jovonna Corbitt, a resident of Malvern, Pennsylvania, filed a Complaint in the Court of Common Pleas of Philadelphia County against Defendants Progressive Advanced Insurance Company ("Progressive"), and its employees Jane Kennedy and Brian Haeflein. Progressive is an Ohio-based company, and Defendants Kennedy and Haeflein are residents of Pennsylvania. In the Complaint, Plaintiff alleges Defendants were deceitful in selling her an insurance policy, ultimately leading to the mishandling of her underinsured motorist claim ("UIM claim").

Defendant Kennedy was the insurance adjuster assigned to Plaintiff's UIM claim, assessing her demand for her UIM policy limits of $15,000 stemming from injuries sustained in the car accident. Defendant Haeflein was Kennedy's supervisor during the time Plaintiff's UIM claim was assessed. Defendant Kennedy requested several extensions from Plaintiff's counsel before

1

issuing an offer of $3,500.  Plaintiff's counsel believed the offer was low and requested Kennedy's reasoning for the low settlement amount.  Kennedy responded that no opinion would be given.

Based on this information, Plaintiff filed a Complaint naming Progressive, Kennedy and Haeflein as Defendants.  On January 3, 2024, Defendants timely removed the case to federal court based upon diversity of citizenship jurisdiction.  They argue that Defendants Kennedy and Haeflein were fraudulently joined as Defendants in Plaintiff's Complaint to destroy diversity of citizenship jurisdiction.

Plaintiff now moves to remand the case to the Philadelphia Court of Common Pleas (Doc. No. 11), contending that Defendants Kennedy and Haeflein were properly joined, and for this reason, this Court lacks subject matter jurisdiction over this case.  For reasons that follow, the Court will grant the Motion.[1]

## II.   BACKGROUND

At all relevant times, Plaintiff Jovonna Corbitt owned a Progressive insurance policy that included Underinsured Motorist ("UIM") Benefits.  (Doc. No. 11-2 at 8.)  On December 14, 2022, Plaintiff's car was struck on the right side by non-party Marcus Heppinstall when he pulled out of his parking spot on West Diamond Street in Philadelphia, Pennsylvania.  (Id. at 5.)  As a result, the accident caused her to sustain "serious and permanent injuries" to her body as well as "anxiety [and] emotional distress."  (Id.)  Due to these injuries, Plaintiff sought ongoing medical treatment. (Id.)

---

[1] In deciding this Motion, the Court has considered the following: the Complaint (Doc. No. 11-2), Plaintiff's Motion to Remand (Doc. No. 21), Defendants' Response in Opposition (Doc. No. 16), Defendants' Statements of Supplemental Authority (Doc. No. 23, 25), Plaintiff's Objections to Statements of Supplemental Authority (Doc. No. 26), and the arguments of counsel at the June 4, 2024 hearing.

Heppinstall was insured by Kemper Insurance for up to $15,000 in bodily injury liability coverage. (Id. at 35.) On July 17, 2023, Marcus Heppinstall and Kemper Insurance tendered to Plaintiff the $15,000 policy limit. (Id. at 10.) Believing that this amount did not fully compensate Plaintiff for the severity of her injuries and loss of earnings, Plaintiff's counsel wrote to Progressive on July 25, 2023, requesting that a UIM claim be opened on Plaintiff's behalf. (Id.) Progressive opened the claim and assigned Defendant Kennedy as the UIM adjuster. (Id.) At this time, Defendant Haeflein was Kennedy's supervisor. (Id.)

After several extensions requested by Kennedy to the initial demand,[2] she issued Progressive's offer of $3,500. (Id. at 11.) The decision came seventy-six (76) days after the initial thirty (30) day deadline to make a decision on Plaintiff's UIM claim. (Id.) Unsatisfied with the offer, Plaintiff's counsel reached out to Kennedy on October 13, 2023, requesting her reasoning for the "low settlement amount." (Id. at 12.) On October 17, 2023, Kennedy responded that Progressive would "not agree to produce" its opinion regarding the offer. (Doc. No. 11-2 at 61.)

On December 1, 2023, Plaintiff filed suit in the Philadelphia County Court of Common Pleas asserting claims of (1) bad faith in violation of 42 PA.C.C.A. § 8371 (Count I) against all Defendants; (2) violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against all Defendants (Count II); and (3) breach of contract claims solely against Defendant Progressive (Count III). (Doc. No. 11-2 at 12-16.) Central to this case is Plaintiff's allegation that Defendants Kennedy, Haeflein and Progressive were deceptive in selling an

---

[2] On July 25, 2023, Plaintiff's counsel issued an initial 30-day time limit for Progressive to respond to the demand. (Doc. No. 11-2 at 10.) On August 7, 2023, Defendant Kennedy requested an extension of the 30-day time limit until September 8, 2023, seeking additional documentation. (Id.) On September 8, 2023, Defendant Kennedy requested an additional extension until September 22, 2023. (Id.) Finally, on October 4, 2023—following no response from Defendant Kennedy—Plaintiff's counsel granted an extension to October 6, 2023. (Id.) Defendant Kennedy issued her response to the policy limit demand on October 9, 2023. (Id.)

3

insurance policy and intentionally delayed the UIM claim filed by Plaintiff, issuing an unreasonable offer without explanation. (Id. at 13.) The crux of Plaintiff's argument is that Defendants: (1) misrepresented they would fairly evaluate and respond to Plaintiff's UIM claims, (2) distributed misleading advertising material to induce Plaintiff into purchasing her automobile insurance policy, (3) intentionally delayed the investigation of Plaintiff's UIM claim, and (4) refused to explain the unreasonable evaluation of the claim. (Id.)

Plaintiff, Defendant Kennedy, and Defendant Haeflein are all citizens of Pennsylvania. Progressive is a citizen of Ohio. On January 3, 2023, Defendants removed this action to federal court based on diversity of citizenship jurisdiction. (Doc. No. 1.) In their Notice of Removal, Defendants contend that "the citizenship of Ms. Kennedy and Mr. Haeflein should be disregarded . . . because [they] were fraudulently joined in this matter in order to destroy diversity jurisdiction under 28 U.S.C. § 1332. (Id. at 3.) Specifically, Defendants claim that Plaintiff failed to state colorable claims under Count I, bad faith, and Count II, violations of the UTPCPL, against Defendants Kennedy and Haeflein, and they should be dismissed as Defendants. (Id.)

On January 25, 2024, Plaintiff filed the instant Motion to Remand this case to the Philadelphia Court of Common Pleas, arguing that the case should be remanded because Kennedy and Haeflein are proper Defendants in this case. (Doc. No. 11.) As a Pennsylvania resident, Plaintiff submits that diversity of citizenship jurisdiction is destroyed because Kennedy and Haeflein are also Pennsylvania residents and that the sum of Plaintiff's attorney's fees, punitive damages and costs do not exceed $75,000, depriving this Court of subject matter jurisdiction. (See id.)

On February 8, 2024, Defendants filed a Response in Opposition to the Motion to Remand (Doc. No. 16), contending that, because Defendants Kennedy and Haeflein were sued in their

individual capacity, Plaintiff has not set forth colorable claims against them. (See id.) Defendants argue that Plaintiff does not state a colorable claim under the UTPCPL against Defendants Kennedy and Haeflein for two reasons. (Doc. No. 16-1.) First, Defendants argue that Plaintiff cannot maintain a viable cause of action because "the UTPCPL does not apply to claims handling . . ." (Id. at 12.) While Defendants recognize that the UTPCPL does apply to allegedly improper sale of an insurance policy, they nonetheless argue that Plaintiff's Complaint does not contain sufficient allegations concerning the sale of her policy. (Id.) Second, Defendants argue that even if the Court finds that Plaintiff's Complaint contains sufficient allegations to state a claim under the UTPCPL, insurance adjusters, like Kennedy and Haeflein, are still improper parties in this suit. (Id.) Specifically, Defendants aver that the UTPCPL does not apply to insurance adjusters in their individual capacity because they never formed a contractual or commercial relationship with Plaintiff. (Id.)

On June 4, 2024, this Court held a hearing to consider various open Motions in this case, including the instant Motion to Remand. (See Doc. No. 19.) At the hearing, the parties recited their respective positions and Plaintiff expounded on the viability of her claims against Defendants Kennedy and Haeflein. (See id.) Her counsel explained, among other things, that the UTPCPL affords a private right of action to a plaintiff to challenge a claim adjuster's purported involvement in the selling or actual handling of an insurance claim. (See id.)

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." Such jurisdiction, also known as diversity of citizenship jurisdiction, "requires satisfaction of the amount in controversy requirement as well as complete

diversity between the parties, that is, every plaintiff must be of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006) (citation omitted).

Where diversity of citizenship exists, 28 U.S.C. § 1441(a) enables a defendant in a state civil case to remove the case to federal court. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Where a case has been removed based on diversity of citizenship jurisdiction, a court can lose subject matter jurisdiction "[w]hen a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) (citations omitted). "But the removing party carries a 'heavy burden of persuasion' in making this showing." Id. (citations omitted). Specifically, in analyzing a fraudulent joinder claim, the district court must accept all factual allegations in the plaintiff's complaint as true and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." Boyer, 913 F.2d at 111.

The fraudulent joinder inquiry is not governed by the Federal Rule of Civil Procedure 12(b)(6) standard, which is "more searching than that permissible when a party makes a claim of fraudulent joinder." See Batoff, 977 F.2d at 852 (observing "it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted"). In sum, "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Boyer, 913 F.2d at 111 (citation omitted).

If the court finds the non-diverse defendant was fraudulently joined, "the court can 'disregard, for jurisdictional purposes, the citizenship of certain [non-diverse] defendants, assume jurisdiction over a case, dismiss the [non-diverse] defendants, and thereby retain jurisdiction.'" Briscoe, 448 F.3d at 216 (quoting Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)).  If, however, the court determines the joinder was not fraudulent, the removed action must be remanded to state court.  Briscoe, 448 F.3d at 216 (citing 28 U.S.C. § 1447(c)).  A defendant is fraudulently joined "if 'there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'"  Id. (quoting Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 32 (3d Cir. 1985)).  "'[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the [non-diverse] defendants, the federal court must find that joinder was proper and remand the case to state court.'"  Batoff, 977 F.2d at 851 (quoting Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  In evaluating whether a defendant was fraudulently joined, the court:

> must focus on the plaintiff's complaint at the time the petition for removal was filed.  In so ruling, the district court must assume as true all factual allegations of the complaint.  It also must resolve any uncertainties as to the state of controlling substantive law in favor of the plaintiff.

Briscoe, 448 F.3d at 217 (quoting Batoff, 977 F.2d at 851-52).  The Third Circuit has emphasized that the district court must not conduct a merits determination within the context of a fraudulent joinder inquiry, and must be careful not to delve too deeply into substantive matters:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder.  Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed for failure to state a claim upon which relief may be granted.

Batoff, 977 F.2d at 852; see Briscoe, 448 F.3d at 217-18 (citing and discussing Batoff). Accordingly, unless a plaintiff's claims against the non-diverse defendant can be deemed "wholly insubstantial and frivolous," the joinder will not be considered fraudulent. Briscoe, 448 F.3d at 218. And while it is true that a district court may "pierce the pleadings" to identify "indicia of fraudulent joinder," id. at 218, 220, it should do so in limited circumstances "where recovery from the nondiverse defendant is a clear legal impossibility." Salley v. Amerco, No. 13-921, 2013 U.S. Dist. LEXIS 98129, at *7 (E.D. Pa. July 15, 2013).

### IV. LEGAL ANALYSIS

As discussed above, Plaintiff submits that this case should be remanded back to the Philadelphia Court of Common Pleas because this Court lacks subject matter jurisdiction over her claims. (See Doc. No. 11.) Specifically, she states that diversity of citizenship is absent because Plaintiff, Defendant Kennedy and Defendant Haeflein are all citizens of Pennsylvania. (See id.) Defendants disagree, arguing that Defendants Kennedy and Haeflein were fraudulently joined and should be dismissed from the case. (See Doc. No. 16.) For reasons discussed below, the Court agrees with Plaintiff and her Motion to Remand will be granted.

As noted, in the Third Circuit, a motion to remand can be denied if a court finds that a non-diverse party was fraudulently joined. In re Briscoe, 448 F.3d 201, 215-16 (3d Cir. 2006). A party is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant." Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). But in evaluating whether a defendant is fraudulently joined, the district court must assume all the factual allegations in the complaint are true and resolve all uncertainties in favor of the plaintiff. Boyer, 913 F.2d at 111.

Here, Plaintiff Jovonna Corbitt brings two claims against Defendants Kennedy and Haeflein: (1) bad faith under 42 PA.C.C.A. § 8371 (Count I); and (2) unfair trade practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 20101, et seq., (Count II).[3] Accordingly, the Court must evaluate if there is a reasonable basis in fact or colorable ground supporting either claim against them.

First, with respect to the Count I bad faith claim, under Pennsylvania law this claim may only be brought against an insurance company, not a claims adjuster. Mattei v. Liberty Mut. Ins. Corp., No. CV 18-4643, 2019 WL 78957, at *4 (E.D. Pa. Jan. 2, 2019). Kennedy and Haeflein may not be sued for a violation of the bad faith statute. Thus, the Court need only consider whether they are proper defendants under the UTPCPL claim.

Next, turning to Plaintiff's claim of unfair trade practice under the UTPCPL, Defendants contend that there is no basis for a UTPCPL claim against Defendants Kennedy and Haeflein for two reasons. First, relying on Wenk v. State Farm Fire & Cas. Co., Defendants argue that Kennedy and Haeflein cannot be sued because the UTPCPL applies only to the sale of insurance policies, and Plaintiff's Complaint does not sufficiently allege facts involving the sale of Plaintiff's insurance policy. (Id.) (citing Wenk v. State Farm Fire & Cas. Co., 228 A.3d 540 (Pa. Super. 2020)). Second, Defendants argue that irrespective of whether the UTPCPL applies to Plaintiff's

---

[3] The UTPCPL prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce . . ." 73 Pa. Stat. Ann. § 201-3. Further, the UTPCPL affords a private right of action to "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property" as a result of the defendant's "use or employment . . . of a method, act or practice declared unlawful by section 3 of this act . . ." 73 Pa. Stat. Ann. § 201-9.2. "The UTPCPL is 'liberally construed to effectuate its objective of protecting the consumers of this Commonwealth from fraud and unfair or deceptive business practices.'" Winner v. Progressive Advanced Ins. Co., No. CV 23-1273, 2023 WL 8283176, at *3 (E.D. Pa. Nov. 30, 2023) (quoting Ash v. Cont'l Ins. Co., 593 Pa. 523, 932 A.2d 877, 881 (Pa. 2007)).

claim, because Defendants Kennedy and Haeflein have no contractual or commercial relationship with Plaintiff, since they are not "sellers" of the policy, the UTPCPL provides no private cause of action against them. (Id. at 16.) These arguments will be addressed in turn.

Regarding Defendants' first argument, they are correct that the Pennsylvania Superior Court held in Wenk "that the UTPCPL only applies to the sale of insurance policies." Tatum v. Murray, No. 24-CV-02086, 2024 WL 3275970, at *3 (E.D. Pa. July 1, 2024) (citing Wenk, 228 A.3d 540 (Pa. Super. Ct. 2020)) (discussing that the plaintiff in Wenk could not "make a colorable UTPCPL claim that is premised on the handling of a claim rather than the sale of an insurance policy.") However, a plaintiff can, as is the case here, state a colorable claim under the UTPCPL by alleging pre-formation conduct relating to the sale of an insurance policy. See Starkey v. Nationwide Prop. & Cas. Ins. Co., No. 2:21-CV-00653-MJH, 2021 WL 3080146, at *1 (W.D. Pa. July 21, 2021).

After Wenk, courts have found colorable conduct relating to the sale based on the facts alleged in the complaint. See id. For example, in Starkey, the plaintiff alleged that defendant insurance agent violated the UTPCPL by (1) misrepresenting UIM claims would be paid fairly, (2) advertising benefits they had no intention of providing when owed; and (3) refusing to provide payment of the insured's claim for the benefits they sold. Id. There, the court found that these allegations stated a "colorable UTPCPL claim because it pleads the required pre-formation conduct" relating to the sale of the insurance policy by the insurance agent. Tatum v. Murray, No. 24-CV-02086, 2024 WL 3275970, at *3 (E.D. Pa. July 1, 2024) (citing Starkey, 2021 WL 3080146, at *1).

While Starkey dealt with an insurance agent and not an insurance adjuster, courts have also found insurance adjusters to be proper defendants under the same analysis. Typically, courts make this determination based on the employee's ties to the insurance company. Notable in this analysis

is whether the defendant is an employee of the insurance company, rather than an independent contractor or external hire. See Horne v. Progressive Advanced Ins. Co., No. 15-1029, 2015 WL 1875970, at *2 (E.D. Pa. Apr. 24, 2015) (citing Fleming v. First Liberty Mut. Ins. Corp., No. 06–1374, 2007 WL 9757637, at 10 n.l (M.D. Pa. Aug. 9, 2007)). Moreover, in deciding a motion to remand, "[t]he District Court must consider the allegations in the complaint at the time of removal and accept its factual allegations as true." Id. at *1.

In the instant case, based on the allegations in the Complaint, Plaintiff has stated a colorable claim under the UTPCPL against Defendants Kennedy and Haeflein. Specifically, she has alleged sufficient conduct by Defendants related to the sale of her insurance policy to state a claim under the UTPCPL. For example, in the Complaint, she alleges that all Defendants engaged in "[p]ublishing, circulating, and distributing promotional and advertising materials . . . to induce consumers such as Plaintiff Jovonna Corbitt to purchase insurance products . . . including inducing the false belief that their legitimate claims would be promptly evaluated and paid." (Id. at 15.) These allegations are similar to the ones in Starkey that the court found to be colorable under the UTPCPL. Accordingly, in applying Starkey here, these allegations state a colorable claim under the UTPCPL of pre-formation conduct in the sale of the insurance policy. Further, the facts align with Horne because Defendants Kennedy and Haeflein are employees of Progressive, not independent contractors or external hires.

Defendants' second argument is similarly without merit. They argue that regardless of whether the UTPCPL affords Plaintiff a cause of action, the absence of a contractual relationship between Plaintiff and Defendants Kennedy and Haeflein bars any colorable claim against them under the UTPCPL. Put simply, Defendants are arguing that insurance adjusters, based on the nature of their role, cannot be sued under the UTPCPL. This claim, however, is unpersuasive

because "multiple courts have concluded that claims under the UTPCPL against insurance adjusters are colorable under Pennsylvania law," even in the absence of a contractual relationship. Kennedy v. Allstate Prop. & Cas. Ins. Co., No. 14-2221, 2015 U.S. Dist. LEXIS 88327 at *7, 2015 WL 4111816 (E.D. Pa. July 8, 2015); Ellis v. Liberty Mutual Insurance Company, Civ. Act. No. 18-1032, 2018 WL 3594987, at *3 (E.D. Pa. July 26, 2018) ("[defendant] is not fraudulently joined solely because she is a claims adjuster."). For example, in Ellis, the insured plaintiff filed suit against her insurer and claims adjuster, alleging violations of the UTPCPL. 2018 WL 3594987, at *3 (E.D. Pa. July 26, 2018). There, the court concluded that the insurance adjuster defendant was not fraudulently joined solely because of her role as a claims adjuster. Id. As such, Defendants Kennedy and Haeflein are not fraudulently joined solely because of their roles as claims adjusters.

## V.  CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Remand this case to the Philadelphia Court of Common Pleas will be granted.[4] An appropriate Order follows

---

[4] While this case is being remanded because the allegations in the Complaint regarding the conduct of Defendants in the sale of the insurance policy is sufficient to support a violation of the UTPCPL, if it turns out in state court that adjusters Kennedy and Haeflein were not involved in the sale of the insurance policy and are otherwise dismissed as Defendants on the UTPCPL claim, then Defendant Progressive at that point may timely remove the case back to federal court because it appears that diversity of citizenship jurisdiction will now be present. 28 U.S.C. § 1446(b)(3).